UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NUMBER: |
| OXFORD GLENN OF WRIGHTSBORO, LLC, STANSBERRY and COMPANY LLC, and STANSBERRY MANAGEMENT, LLC, d/b/a FOX DEN APARTMENTS, | ) ) ) ) ) ) ) | |
| Defendant. | ) ) ) | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of a disability and to provide appropriate relief to Phyleas Dixon ("Charging Party"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("Commission") alleges that Oxford Glenn of Wrightsboro, LLC., Stansberry & Co., LLC., and Stansberry Management, LLC., d/b/a Fox Den Apartments terminated Charging

Party from her employment because of her disability, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Gainesville Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendants Oxford Glenn of Wrightsboro, LLC., Stansberry & Company, LLC., and Stansberry Management, LLC., d/b/a Fox Den Apartments (hereinafter collectively referred to as "Defendant") have continuously been corporations doing business in the State of Georgia, and the City of Alpharetta, and collectively operated as a joint enterprise.

5.     At all relevant times, Defendant has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.     At all relevant times, Defendant Oxford Glenn of Wrightsboro, LLC., Stansberry & Co., LLC., Stansberry Development, LLC., and Stansberry Management, LLC., d/b/a Fox Den Apartments has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than 30 days prior to the institution of this lawsuit, the Charging Party filed a charge of discrimination with the Commission alleging violations of

the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least October 2010, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a), by terminating Charging Party because of her disability.

9.    Charging Party was hired by Defendant on July 19, 2010, as a Property Manager for Fox Den Apartments.

10.    On October 22, 2010, on or about 11:30 am Charging Party was working for Defendant when she began experiencing back pains and other physical symptoms.

11.    She went to the hospital, and discovered that she had had a heart attack, and would require immediate surgery to insert a stent.

12.    During that same day - October 22, 2010 - while Charging Party was undergoing surgery, Defendant advertised her Property Manager position on Craig's List, an online listing service.

13.    On October 30, 2010, Charging Party spoke to Defendant owner Craig Stansberry about her returning to work, and Stansberry told Charging Party that "he didn't think [she] would want to come back to work." Stansberry further explained that he didn't think Charging Party would be able to do her job.

14.    On November 1, 2010, Stansberry informed Charging Party that he placed the advertisement on Craig's List for her position because he did not think that she would return back to work.

15.    On November 1, 2010, another management official warned Charging Party that Stansberry had learned that he could not terminate her because she had a heart attack and that, because of this, she should be careful and take notes.

16.    On November 9, 2010, Defendant terminated Charging Party. When Charging Party asked for a reason for her termination, she was informed that although Stansberry had come up with a reason to terminate her, the real reason that she was being terminated was because she had had a heart attack.

17.    Because Charging Party had a heart attack, she was substantially limited in the major life activity of normal cardiovascular functions.

18.    The Defendant terminated Charging Party because of her actual disability, or because of an actual or perceived impairment of her cardiovascular functions.

19.    Due to her heart attack the Charging Party had a record of an impairment that substantially limited her cardiovascular functions.

20.    In the alternative, Defendant terminated Charging Party because of her record of disability.

21.    The effects of the practices complained of in Paragraphs 8-20 have been to deprive Charging Party of equal employment opportunities and, otherwise, adversely affect her status as an employee because of her disability.

22.    The unlawful employment practices complained of in Paragraphs 8-20 were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Charging Party.

23.    The effects of the practices complained of in paragraphs 8-20 have been to inflict emotional pain, suffering, and inconvenience upon Charging Party and deprive her of the financial and other benefits of working for Defendant.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from terminating employees because they have a disability, and engaging in any other employment practices that discriminate on the basis of disability.

B.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Charging Party, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay, lost benefits and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.    Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

E.    Order Defendant to make whole Charging Party by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper.

H.    Award the Commission its costs in this action.

7

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel


_____9/27/2011_____          s/ Robert K. Dawkins_____
Date                         ROBERT K. DAWKINS
                             Regional Attorney
                             Georgia Bar No. 076206

                             OTTRELL FERRELL EDWARDS
                             Supervisory Trial Attorney
                             Georgia Bar No. 141979

                             U.S. EQUAL EMPLOYMENT
                             OPPORTUNITY COMMISSION
                             Atlanta District Office
                             100 Alabama Street, SW, Suite 4R30
                             Atlanta, Georgia 30303
                             Telephone:  (404) 562-6818
                             Facsimile:   (404) 562-6905

8